C. C. KING ET AL. v. CISCO COMPRESS COMPANY ET AL.

Decided April 30, 1904.

**1.—Contract—Construction—Condition in Note.**
A note for $1000 stipulated that it was not to be payable in the event that a cotton compress "is erected or in course of erection and operated at A. at any time before the maturity of this note." The contract by virtue of which the note was given provided for the payment, by the makers of the note, of $1000 each year thereafter (the note in suit being for one of the payments) for three years, "or so long as no compress is erected and operated at A., but in the event a compress is erected and operated at A. before the maturity of the note for that year," then liability on the note and contract should cease. The court instructed that the legal effect of the note and contract was that plaintiffs were entitled to recover unless there was a compress in course of erection, or erected, at A. on or before the maturity of the note. Held erroneous, and that the instruction should have been that to constitute a defense a compress must either have been erected or in process of erection, and operated at A. prior to the maturity of the note.

ON REHEARING.

**2.—Same—Charge—Harmless Error.**
Error in the charge in construing the condition of the contract in reference to the erection of a compress at A. was harmless where the evidence showed indisputably that no compress was erected or in process of erection at A. at the time of the maturity of the note sued on.

**3.—Notice to Produce—Secondary Evidence.**
A letter press copy of a letter addressed to and presumably in the possession of the opposite party is not admissible in evidence where no notice to produce the original has been given.

**4.—Same—Original Out of the Jurisdiction.**
The rule admitting secondary evidence of an instrument without notice to produce where the original is out of the jurisdiction of the court does not apply where the original is in the possession of a party to the suit.

Appeal from the District Court of Eastland. Tried below before Hon. J. H. Calhoun.

*J. J. Butts,* for appellants.

*E. R. Bryan* and *Scott & Brelsford,* for appellees.

SPEER, ASSOCIATE· JUSTICE.—This was an action for debt brought by appellants in the District Court of Eastland County, against the appellee on the following note and contract:

"$1000.00.                    CISCO, Texas, April 21, 1900 (1).

On or before May 21, 1901, after date, the Cisco (2) Compress Company promise to pay to C. C. King, J. J. Lowrey and A. S. (3) Johnson the sum of one thousand dollars, at the Merchants and Farmers Bank (4) in Cisco, Texas, with 8 per cent interest per annum from date until paid. (5) The consideration for which this note is given, is that the said C. (6) C. King, J. J. Lowrey and A. S. Johnson, who now own and operate a cotton com(7)press in the town of Abilene, in Taylor County, Texas, will remove said (8) cotton compress from said

town of Abilene, Texas, and out of the territory (9) tributary to said town of Abilene before the beginning of the cotton sea (10) son in 1900, and that no cotton compress will be erected and operated in (11) said town of Abilene, Texas, prior to, or during, the year this note (12) falls due; and in the event the said C. C. King, J. J. Lowrey and A. S. (13) Johnson fail to remove said compress as above stated, or in the event a (14) compress is erected or in course of erection and operated in the said town of Abilene, (15) Texas, at any time before, *or during the year 1901,* [words in italics erased] the maturity of this note, then and in that (16) event this note becomes void, and the liability of the makers hereof (17) shall immediately cease (18).

"In the event the said C. C. King, J. J. Lowrey and A. S. Johnson (19) shall remove said cotton compress as above stipulated, and no other com (20) press is operated in the said town of Abilene, prior to or during the (21) year when this note becomes due, and default is made in the payment of this (22) note and it is placed in the hands of an attorney for collection, or suit (23) is brought on the same, then an additional amount of 10 per cent on the principal (24) and interest of this note shall be added to the same as attorneys fees (25).

(20c. Inter. Rev. Stamp.)       "Cisco Compress Co.
                                          "N. B. Brown, Prest.
                                          "H. G. Foster, Gen. Man."

"State of Texas, County of Eastland. This agreement entered into on this the 21st day (1) of April, A. D. 1900, by and between C. C. King, (2) J. J. Lowrey, and A. S. Johnson, parties of the first part, and the Cisco (3) Compress Company, party of the second part, witnesseth; that, whereas, (4) the said parties of the first part now own and operate a cotton compress (5) located at Abilene, in Taylor County, Texas, and the said party of the (6) second part owns and operates a cotton compress at Cisco, in Eastland (7) County, Texas; and, whereas, the party of the second part is desirous of (8) having the said cotton compress operated by said parties of the first (9) part removed from the said town of Abilene, and out of the territory (10) tributary to Abilene (11).

"Now, therefore, we, the said party of the first part, in consid (12)-eration of the faithful performance by the said party of the second part (13) of the covenants and agreements hereinafter mentioned to be performed by (14) it, do hereby agree to remove the cotton compress now owned and operated (15) by us, located at Abilene, Texas, from the said town of Abilene, in Taylor (16) County, Texas, and from the territory tributary to said town of Abilene, (17) Texas, before the beginning of the next cotton season of 1900, and to (18) not erect nor operate a cotton compress at Abilene, or in said territory, (19) within the next three years from this date (20).

"And the said party of the second part hereby agrees, in consideration (21) of the faithful performance by the said parties of the first

part of the (22) covenants and agreements hereinbefore mentioned to be performed by them (23) to pay to the said parties of the first part the sum of one thousand (24) dollars when said compress and machinery shall have been loaded on the (25) cars at Abilene, Texas, ready for removal, and the sum of one thousand (26) dollars each year thereafter from *the date of such removal* [words in italics erased], May 21, 1900, for three years, or so long as (27) no compress is erected and operated at Abilene, Texas, but in the event (28) a compress is erected and operated at Abilene, Texas, before the expira(29)*tion of three years* [words in italics erased], maturity of the note for that year, then and in that event the liability of the party of (30) the second part to pay one thousand dollars contracted to be paid for the year in which (31) such compress is erected and operated, and all subsequent years shall im(32)mediately cease (33).

"Witness our hands this —— day of April, 1900.

"CISCO COMPRESS CO. °

"By H. G. FOSTER, Gen. Man.

"N. B. BROWN, Pres.

"J. J. LOWREY,
"A. S. JOHNSON,
"C. C. KING."

We sustain appellants' assignment complaining of the construction placed by the trial court in his charge upon the above instruments. The charge is as follows: "The legal effect of the notes and contract sued on in this case and introduced in evidence in connection with the above agreement, is that the plaintiffs are entitled to recover of and from the defendants the amount of said note with interest and attorneys fees to wit, $1000, with 8 per cent interest on said sum from and after April 21, 1900, and an additional sum equal to 10 per cent of the amount of principal and interest found to be due on said note, unless there was a cotton compress in course of erection, or erected, in Abilene, on or before the 21st day of May, 1901. And if you find that no compress was erected, or in course of erection, on the 21st day of May, 1901, then you will return a verdict in favor of plaintiffs against the defendants, H. G. Foster and N. B. Brown, for the amount of said note with interest and attorneys fees as above set out, unless you find against the plaintiffs on the issue of failure of consideration, mutual mistake or material alteration of the note and contract, as hereinafter set out in this charge."

To our minds the instruments sued upon call for a different construction than that given by the court. We think the court should have instructed the jury that to constitute a defense to plaintiffs' suit, a compress must either have been erected or in process of erection, and operated in the town of Abilene prior to the maturity of the note sued on. This intention is made clear by the language of the contract, which is more specific than that of the note upon this point. In the contract

it is said, "but in the event a compress is erected and operated at Abilene, Texas, before the maturity of the note for that year, then and in that event the liability," etc., shall immediately cease. The same thought is repeated in another place. Even in the note, the only place in which the language "or in course of erection," is used, is in immediate connection with the expression "and operated," confirming, as we take it, rather than contradicting the construction we have here announced. It is not unreasonable that the parties may have contemplated that a cotton compress might be operated in the town of Abilene while in course of erection and before its final completion.

We are of opinion that upon another trial, if the evidence is the same as here presented, the court should not submit the issue of mutual mistake, since there is no evidence tending to raise such issue. The real issue seems to be that of material alteration of the instruments sued upon.

For the error discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

A careful scrutiny of the testimony contained in the record convinces us that the particular error of the court, for which we reversed this case upon the original hearing, is harmless. That is, the erroneous construction placed by the court upon the note and contract to the effect that there must have been erected, or in course of erection, at Abilene, a cotton compress prior to the 21st day of May, 1901, to constitute a defense, could not have prejudiced appellants, since indisputably there was no cotton compress in process of erection at that time; and hence the jury could not have relieved the makers of the note on that score.

But the re-examination also convinces us that the error of the court in admitting in evidence the letter press copy of the letter of March 3, 1900, written by appellee Foster to appellant Lowry, was not harmless, as we had originally thought. The real issue raised by both the pleadings and the evidence was that of alteration of the instruments sued on. In this connection it was of course permissible, and necessary to the maintenance of appellees' theory, for them to show that the real contract was different from that expressed by the terms of the alleged altered instruments. Otherwise there could have been no material alteration. The real contract as evidenced by the instruments as originally written, according to the appellees' contention, was that, in the event a compress was erected and operated in the city of Abilene at any time during the year in which the note for that year fell due, then such note, together with all other notes subsequently maturing, were to become void. As tending to support this contention appellees offered in evidence a letter press copy of the following letter:

"CISCO, Texas, March 3, 1900.

"J. J. Lowrey, Esq., Monroe, La.:

"Dear Sir.—I am in receipt of your letter of recent date, and having heard from Mr. Brown, I am prepared to make you the following proposition: We will pay one thousand dollars cash and execute our three notes for the sum of one thousand dollars each, first note to be paid in one year provided no compress is located at Abilene at the time of its maturity, the remaining notes to be paid in one and two years, subject to the same condition. To more fully explain, we are willing to give one thousand dollars cash, and one thousand dollars each year so long as there is no compress at Abilene, until three years shall have expired.

"Awaiting your advice, we remain, yours very truly,

"H. G. FOSTER."

This was duly objected to as being secondary evidence, because no notice to produce the original had been given to appellants, and no proper predicate laid for the introduction of such copy. This objection, upon elementary principles, should have been sustained. Thomson-Houston Electric Co. v. Berg, 10 Texas Civ. App., 200, 30 S. W. Rep., 457; Texas Mining and I. Co. v. Arkell, 29 S. W. Rep., 816; Missouri Pac. Ry. Co. v. Johnson, 72 Texas, 100; Hunter, Evans & Co. v. Lanius, 87 Texas, 683, 18 S. W. Rep., 204. It does not appear, except perhaps inferentially, that the original letter was beyond the jurisdiction of the court, as suggested by appellee; but if it did, the person to whom it was addressed, and presumably in whose possession it was at the time of the trial, was himself a party to the suit, and hence the reason for the exception to the exclusionary rule, which exception allows the introduction of secondary evidence under such circumstances, is wanting, and such exception should not here be allowed. The possessor of such original being a party to the suit, the court had the power to require the production of such letter, or in case of a disobedience of notice to produce, to allow secondary evidence. Ordinarily, of course, where the original is beyond the jurisdiction of the court, such power is wanting. The court can not direct a stranger to the proceeding to surrender possession of an instrument, and hence the copy is then the best evidence obtainable.

It is contended by appellee, and with this contention we at first were inclined to agree, that this error was harmless, inasmuch as appellants themselves had offered in evidence the following letter, written by appellee Foster:

"CISCO, Texas, March 25, 1900.

"J. J. Lowrey, Esq., Monroe, La.:

"Dear Sir.—Yours under date of March 23 received, containing acceptance of our proposition of March 3, 1900. Proposition as follows: That the Cisco Compress Company promises to pay the Abilene Compress Company one thousand dollars cash when the press is loaded on

the cars, and execute three notes for one thousand dollars each, to mature one, two and three years after date, and bear 8 per cent interest; total amount of this consideration is $4000, as stated above; these notes to contain a proviso that if there should be another press erected at Abilene, then all notes not matured to be void and not collectible.

"I believe that is in accordance with your letter, and will leave the date and place to transfer the papers to you to determine, just so you don't ask us to go beyond Dallas, but would ask that you meet us here if possible and give me time to get Mr. Brown, as I would like to have him here at that time.   Respectfully yours,

"H. G. Foster."

But an examination of the two letters discloses the fact that they are capable of constructions entirely dissimilar.   Each tends to support the theory of the party offering it, and hence the error is material and should work a reversal of the case.

For this error, rather than the one originally pointed out, the judgment is reversed and the cause remanded.

The motion is overruled.

*Overruled.*